IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


TAMMY L. WOODRUFF                                                           PLAINTIFF

vs.                          Civil No. 2:07-cv-02035

MICHAEL J. ASTRUE                                                 DEFENDANT
Commissioner, Social Security Administration


**MEMORANDUM OPINION**

      Tammy L. Woodruff ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (Doc. No. 7).[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

      Plaintiff protectively filed an application for SSI on April 5, 2004. (Tr. 17, 79-80, 113). In this application and in other documents filed with the SSA, Plaintiff alleges she is disabled due to

---

[1] The docket numbers for this case are referenced by the designation "Doc. No." The transcript pages for this case are referenced by the designation "Tr."

lupus, heart problems, anxiety, depression, dyslexia, and "[i]ntermittent clottication."[2] (Tr. 113). This application was initially denied on September 2, 2004 and was denied again on reconsideration on October 23, 2004. (Tr. 31-34).

On November 26, 2004, Plaintiff requested a hearing on his application. (Tr. 44-45). This hearing was held on March 1, 2006. (Tr. 499-548). Plaintiff was present and was represented by counsel, David Harp, at this hearing. *See id.* Plaintiff and Vocational Expert ("VE") Montie Lumpkin testified at this hearing. *See id.* On the date of this hearing, Plaintiff was forty (40) years old and had a high school equivalent education. *See id.*

On July 25, 2006, the ALJ entered an unfavorable decision denying Plaintiff's request for SSI. (Tr. 17-25). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since her alleged onset date. (Tr. 24, Finding 1). The ALJ determined Plaintiff had an impairment or a combination of impairments that were considered "severe" based on the requirements in the Regulations. (Tr. 24, Finding 2). The ALJ determined, however, that Plaintiff's impairments did not meet and were not medically equivalent to one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Regulation No. 4 ("Listings"). (Tr. 24, Finding 3).

In his decision, the ALJ also evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 24, Findings 4-7). Plaintiff claimed she suffered from disabling body pain, headaches, nausea, and "weakness all over." (Tr. 100). The ALJ evaluated these subjective complaints and allegedly disabling symptoms based upon the factors in *Polaski v.*

---

[2]The Court has attempted to ascertain the meaning of "intermittent clottication" but has been unable to locate the term "clottication" in a medical text or treatise. The *PDR Medical Dictionary* contains a definition for the term "clottage" as an "obsolete term for blocking of any canal or duct by a blood clot."

*Heckler,* 739 F.2d 1320 (8th Cir. 1984) and discounted these subjective complaints. (Tr. 19-21). Specifically, the ALJ discounted Plaintiff's subjective complaints based upon the following five findings: (1) Plaintiff was able to work from April 2005 until November 2005 despite her claimed disability; (2) Plaintiff's objective medical records did not support her subjective complaints of disabling pain; (3) Plaintiff was living alone and was presumably able to take care of herself during the relevant time period; (4) Plaintiff's objective medical records indicate that her symptoms were controlled with medication; and (5) Plaintiff experienced no significant and substantiated side effects from her medications that negatively impacted her ability to perform work-related activities. (Tr. 19-21).

After discounting Plaintiff's subjective complaints of disabling pain, the ALJ determined Plaintiff's RFC. (Tr. 22). Specifically, the ALJ determined Plaintiff retained the following RFC:

> [The ability to perform] work at any exertional level, work not precluded by a history of medication-controlled anxiousness and alcohol and/or drug addiction, and which conditions have shown to have caused at least moderate (meaning limited but satisfactory abilities) restrictions in the following abilities: maintaining attention and concentration for extended periods; performing activities within a schedule, maintaining regular attendance and being punctual within customary tolerances; working in coordination with or in proximity to others without being distracted; completing a normal workday or workweek without interruptions from psychologically based symptoms and performing at a consistent pace without an unreasonable number and length of rest periods; interacting appropriately with the general public; accepting instructions and responding appropriately to criticism from supervisors; getting along with coworkers or peers and setting realistic goals or making plans independently of others–and for which the claimant's above-referenced history of the above would not detrimentally affect her ability to perform work involving no more than routine but superficial interpersonal contact, tasks involving no more than those learned and performed by experience with several variables and judgment within limits, with what supervision required being little for routine tasks but detailed for non-routine tasks.

(Tr. 22; 24, Finding 6).

The ALJ then determined that Plaintiff was unable to perform any of her Past Relevant Work

3

("PRW") but was able to perform work existing in significant numbers in the national economy. (Tr. 24, Findings 7, 10). The VE and Plaintiff testified at the administrative hearing regarding these issues. (Tr. 543-548). Plaintiff testified that her PRW included work as a meal deliverer, temporary worker, truck driver, "mental retardation aide," and waitress. (Tr. 524-527). The record also indicates that Plaintiff's PRW included work as an "in home non medical care giver." (Tr. 104-108). The VE testified in-person at the administrative hearing and also submitted a one-page form regarding Plaintiff's ability to perform other work. *See id.* That form is a part of the record in this case. (Tr. 144). The VE submitted this form in response to a hypothetical from the ALJ. (Tr. 543). This submitted hypothetical is not included in the record, but that hypothetical included "no physical restrictions and . . . [some] mental limitations."[3] (Tr. 144, 543).

In response to this hypothetical, the VE testified, and included in his form, that there were several light and sedentary jobs Plaintiff could perform. (Tr. 543-548). Based upon this testimony, the ALJ concluded that, considering Plaintiff's age, education, past work experience, and RFC, Plaintiff was capable of making a successful vocational adjustment to other work. (Tr. 23). Accordingly, the ALJ found Plaintiff was not under a "disability" as defined by the Act at any time through the date of his decision. (Tr. 24, Finding 11).

On February 2, 2007, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 492-498). On March 21, 2007, the Appeals Council declined to review the ALJ's decision. (Tr. 2-6). On April 16, 2007, Plaintiff filed the present action. (Doc. No. 1). The parties consented to the jurisdiction of this Court on April 9, 2007. (Doc. No. 7). This case is

---

[3] The quoted portion was taken from testimony at the administrative hearing. (Tr. 543). This Court is unable to determine the exact hypothetical that was presented to the VE because the ALJ did not include that hypothetical in the record.

4

now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the following: (1) the ALJ erred by failing to consider Plaintiff's severe impairments; (2) the ALJ erred by improperly discounting Plaintiff's subjective complaints of disabling pain; (3) the ALJ erred by improperly evaluating Plaintiff's RFC; and (4) the ALJ erroneously concluded that Plaintiff could perform other jobs. (Doc. No. 9, Pages 13-20). In response, Defendant argues that the record does not support Plaintiff's claim of additional severe impairments. (Doc. No. 12, Pages 2-4). Defendant also argues that the ALJ properly considered Plaintiff's subjective complaints and discounted those complaints for legally-sufficient reasons. *See id.* at 4-5. Finally, Defendant argues that the ALJ's RFC determination is supported

by substantial evidence and that the ALJ properly determined that there were other jobs existing in significant numbers in the national economy that Plaintiff could perform. *See id.* at 6-7. Because I find the ALJ erred in his Step 2 (Severe Impairment) Determination, this Court will only specifically address Plaintiff's first argument.

### A. Standard for a "Severe Impairment"

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, as noted by the Eight Circuit, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should be considered severe when that diagnosis is supported by sufficient medical evidence); *see also Miller v. Astrue,* No. 05-4409, 2007 WL 1452966, at *1 (8th Cir. May 18, 2007).

### B. Plaintiff's Severe Impairments

In the present action, the ALJ determined Plaintiff suffered from several severe impairments related to her mental limitations: "anxiety-related and alcohol and/or drug addiction related disorders." (Tr. 18). The ALJ did not find that Plaintiff suffered from *any* severe impairments

related to her physical limitations.[4] (Tr. 18, 543). Specifically, the ALJ found "no objective substantiation of the claimant's lupus/fibromyalgia, which the undersigned considers a nonsevere impairment." (Tr. 18). The record, however, indicates that Plaintiff's joint pain, fatigue, weakness, and aches are more than slight and impact Plaintiff's ability to do her basic work activities. (Tr. 145-498). These impairments should, therefore, be considered severe impairments.

Although Plaintiff has not seen a rheumatologist to evaluate her condition and although she has not been consistently diagnosed with any one joint condition, her medical records clearly indicate that she does suffer from chronic joint pain, fatigue, weakness, and aches. (Tr. 145-498). Apparently, Plaintiff's doctors are only uncertain as to whether Plaintiff suffers from lupus, fibromyalgia, Lyme Disease, another joint problem, or a combination of these joint problems. *See id.* Even Plaintiff's recent medical records from Dr. N. Van Hoang, M.D. dated June 27, 2006 state that Plaintiff suffers from lupus, rheumatoid arthritis, chronic myalgia, and frequent panic attacks. (Tr. 443).

There is no indication in the record that Plaintiff's doctors incorrectly diagnosed Plaintiff's joint condition, and the ALJ offers no support for his finding that Plaintiff does not suffer from a severe impairment due to her joint pain, fatigue, weakness, and aches. In fact, the reason the ALJ found Plaintiff did not suffer from this severe impairment is unclear. Based upon a review of the medical records in this case, this Court finds that Plaintiff's limitations due to this impairment are more than slight and impact Plaintiff's ability to do her basic work activities. Accordingly, this Court finds that Plaintiff suffers from the severe impairment of joint pain, fatigue, weakness, and aches. Should the ALJ decide a specific diagnosis is required in order to issue a disability

---

[4] At the administrative hearing, the ALJ stated that Plaintiff had *"no physical restrictions."* (Tr. 543) (emphasis added).

determination, the ALJ should order a consultative examination from a rheumatologist or should seek clarification from Dr. Hoang and Plaintiff's other doctors on their diagnoses. *See* 20 C.F.R. § 404.1512(e)-(f) (noting the ALJ's duty to order a consultative examination or to submit further questions to a treating physician if needed).

### C. RFC Determination/Hypothetical to the VE

Furthermore, the ALJ did not properly evaluate Plaintiff's mental impairments in making his RFC determination. On August 13, 2004, Plaintiff was examined by Dr. Denise LaGrand, Psy.D., a licensed clinical psychologist. (Tr. 243-249). This is apparently the only complete psychological evaluation included in the transcript. (Tr. 145-498). Dr. LaGrand found that Plaintiff suffered from generalized anxiety disorder (Axis I) and problems related to the social environment and occupational problems (Axis IV). (Tr. 247). Dr. LaGrand also found that Plaintiff had a GAF score of 45. (Tr. 247). A person with a GAF score of 45 is characterized by "serious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting)" or "any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." *Diagnostic and Statistical Manual of Mental Disorders IV-TR* 34 (4th ed. 2000). In evaluating Plaintiff's RFC, however, the ALJ did not find that Plaintiff suffered from such severe mental limitations. (Tr. 22; 24, Finding 6). On remand, the ALJ should more fully evaluate the findings of Dr. LaGrand, and if the ALJ chooses to discount her findings, the ALJ should provide some discussion or some reason for discounting those findings. *See McCadney v. Astrue,* 2008 WL 696475, at *2 (8th Cir. March 17, 2008).

On remand, the ALJ should also ensure his or her hypothetical to the VE is included in the record. In the present action, the ALJ based his disability determination on a hypothetical he

9

submitted to the ALJ. (Tr. 23). The wording of hypothetical, however, was not included in the record. In order to determine whether an ALJ's disability determination is supported by substantial evidence, the wording of this hypothetical must be included in the record. *See Grissom v. Barnhart,* 416 F.3d 834, 837 (8th Cir. 2005) (holding that testimony from a VE constitutes substantial evidence when based upon a properly-phrased question) (citation omitted).

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of April, 2008.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE